IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARCO ANTHONY GUIRLANDO                                          PLAINTIFF

v.                                    Case No. 1:20-cv-1007

UNION COUNTY JAIL; CAPTAIN
RICHARD MITCHAM; RICKY ROBERTS;
CORRECTIONAL OFFICER PENNALTON;
NURSE CASEY; NURSE RICE;
JOHN DOES 1-6                                                    DEFENDANTS

## ORDER

Before the Court is Plaintiff Marco Anthony Guirlando's Motion to Recuse. (ECF No. 7). The Court finds that no response is necessary and that the matter is ripe for consideration.

Plaintiff filed this case pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated in the Union County Jail. Plaintiff is currently awaiting sentencing in an unrelated criminal matter before the Court, *United States v. Guirlando*, Case No. 1:20-cr-10005-SOH. Plaintiff asks the undersigned to recuse in this case because she is also the presiding judge in his criminal matter.

"Recusal motions are generally filed under 28 U.S.C. § 455 or 28 U.S.C. § 144." *Griffis v. Medford*, No. 3:05-3040-JLH/JRM, 2007 WL 152223, at *1 (W.D. Ark. Jan. 17, 2007). Plaintiff does not specify which statute he moves for recusal under. However, it is immaterial because under either statute, "[t]he standard for determining the appearance or fact of particular grounds for recusal or disqualification of a trial judge is the same."[1] *Gilbert v. City of Little Rock, Ark.*, 722 F.2d 1390, 1399 (8th Cir. 1983).

---

[1] Though, if Plaintiff moves under section 144, the motion would be denied at the onset because it is not accompanied by a timely and legally sufficient affidavit and a certificate of counsel of record stating that the motion is made in good faith. 28 U.S.C. § 144.

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003). "The test for disqualification or recusal is an objective one and asks whether, from the perspective of 'the average person on the street,' a reasonable man knowing all of the circumstances 'would harbor doubts about the judge's impartiality.'" *Tyler v. Purkett*, 413 F.3d 696, 704 (8th Cir. 2005). "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002), *abrogated on other grounds by Johnson v. McCarver*, 942 F.3d 405, 411 (8th Cir. 2019). "Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned." *Sharrock v. Ramey*, No. 4:18-cv-1751-NCC, 2018 WL 10517097, at *1 (E.D. Mo. Dec. 10, 2018).

Plaintiff asks for recusal solely on the basis that the undersigned is also the presiding judge in his pending, unrelated criminal matter. Presumably, the idea underpinning this request is that the undersigned cannot fairly and impartially preside over this civil case while also sentencing Plaintiff in his separate criminal case. However, Plaintiff does not state this, and even if the Court credits him that assertion, caselaw is clear that conclusory statements, unsupported beliefs, and assumptions are insufficient to warrant recusal. *Id.* Moreover, the mere fact that the undersigned presides over a separate pending case involving Plaintiff is not enough to warrant recusal. *See Lewandowski v. Flemmer*, No. CIV. 11-4125-KES, 2011 WL 4963987, at *1 (D.S.D. Oct. 19, 2011) (denying a motion to recuse filed on the basis that the judge presided over a previous case involving the movant).

Plaintiff asserts no fact that would cause a reasonable person with knowledge of all circumstances to believe that the undersigned cannot fairly and impartially preside over this case.

2

Thus, the Court finds that Plaintiff has failed to carry his heavy burden of showing that recusal is warranted. Accordingly, Plaintiff's motion to recuse (ECF No. 7) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 2nd day of April, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge