IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARCO ANTHONY GUIRLANDO                                               PLAINTIFF

v.                              Civil No. 1:20-cv-01007

CAPTAIN RICHARD MITCHAM, Union County
Detention Center ("UCDC"); JOHN DOES 1-4;
RICKY ROBERTS, Sheriff, Union County;
LIEUTENANT KEVIN PENDLETON, UCDC;
DR. DEANNA HOPSON; NURSE KASIE SANFORD;
NURSE SHERIE RICE; And LIEUTENANT PAUL
KUGLER, UCDC                                                         DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Marco Anthony Guirlando filed this 42 U.S.C. § 1983 action *pro se* on March 12, 2020. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Before the Court are Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 17), Motion for Emergency Relief (ECF No. 35), and Motion for Emergency Hearing. (ECF No. 47). Defendants have filed a Responses in opposition to the Motion for Emergency Relief. (ECF Nos. 38, 39). Although Defendants have not responded to Plaintiff's other motions, the Court finds no responses are necessary to rule on those motions.

**I. BACKGROUND**

Plaintiff is currently being held in the Union County Detention Center ("UCDC") awaiting sentencing in the case of *United States v. Guirlando*, 1:20-cr-10005 (W.D. Ark.). He has been incarcerated at the UCDC since his arrest in February of 2019. On March 13, 2020, the Court

entered Orders directing Plaintiff to file an Amended Complaint compliant with the Court's rules and file a complete Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 3, 5).

On April 16, 2020, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction requesting to be transferred to a "different facility, to arrange through the US Marshalls service an examination followed by a plan of treatment by a qualified specialist…" for an injury to his hand which occurred when a detainee attacked him on April 2, 2019. (ECF No. 17).

On April 29, 2020, Plaintiff filed an Amended Complaint. (ECF No. 20). On May 13, 2020, Plaintiff submitted a completed IFP application and his Motion to Proceed IFP was granted. (ECF No. 25).

On May 27, 2020, Plaintiff filed a Second Amended Complaint through his attorney. (ECF No. 27).[1] Plaintiff alleges his constitutional rights were violated when Defendants subjected him to physical and mental abuse, denied him adequate medical treatment, and failed to provide him with protection from the spread of COVID-19. He is suing Defendants in both their personal and official capacities. *Id.* at p. 2.[2] On July 6, 2020, Defendants filed Answers to the Second Amended Complaint denying all of Plaintiff's allegations. (ECF Nos. 31, 34).

The same day Defendants filed their Answers, Plaintiff filed a Motion for Emergency Relief. (ECF No. 35). In this motion Plaintiff states, "despite the filing of this action, the physical and mental abuse, the failure to provide adequate medical treatment, and the failure to provide protection from COVID-19 has continued". Plaintiff asks the Court to grant the motion and order

---

[1] Plaintiff's counsel entered his appearance on July 20, 2021. (ECF No. 40).

[2] Plaintiff also asserts a state law claim for breach of contract. (ECF No. 27, pp. 13-14).

"the transfer of Plaintiff to another detention center pending his transfer to the Federal Bureau of Prison[s]". *Id.* at pp. 2-3.

On July 20, 2020, Defendants filed Responses in opposition to Plaintiff's Motion for Emergency Relief. (ECF Nos. 38, 39). Defendants argue Plaintiff is not entitled to "emergency relief" (i.e. the transfer to another facility) because "Plaintiff has essentially reiterated the allegations his complaint, which the Defendants have denied [and] …couching claims in a lawsuit as an 'emergency' does not make them so, especially where, as here, the remedy sought by the Plaintiff is extreme." *Id.* In addition, Defendants claim there is no compelling evidence of irreparable harm to Plaintiff.

On August 19, 2020, Plaintiff filed a Motion for Emergency Hearing on the Motion for Emergency Relief. (ECF No. 47). Plaintiff states he is requesting the hearing because his Motion for Emergency Relief has been pending since July, Plaintiff remains in the UCDC where he is being subject to abuse and additional retaliation by Defendants for filing this lawsuit, his sentencing hearing continues to be postponed due to the outbreak of COVID-19, and a determination of the sentencing date is "indefinite at most". *Id.* at p. 2.

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc*., 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining*

*and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. DISCUSSION

**A. Motion for Temporary Restraining Order/Injunction (ECF No. 17)**

In Plaintiff's motion requesting a temporary restraining order he states he sustained a serious injury to his hand when he was assaulted by a detainee on April 2, 2019. According to Plaintiff the next day he was taken to South Arkansas Medical Association where an "X-Ray Technician confirmed my hand was fractured." (ECF No. 17, p. 1). He goes on to state, "My hand should have been placed in a cast and should have remained in the cast for four weeks, and I should have received physical therapy to regain full use of the hand according to National Standard Care." *Id.* Plaintiff claims Defendant Hopson "refused, and denied me medical care that complied with the minimum standard of care." *Id.* at p. 2.

In determining whether a party is entitled to preliminary injunctive relief, The Court first looks to Plaintiff's likelihood of success on the merits of his claim. Here, it is clear Plaintiff disagrees with the medical treatment he was provided during his incarceration in the UCDC. However, mere disagreements with medical treatment fail to state a claim of deliberate indifference. *See Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1118-19 (8th Cir. 2007)(an inmate has no constitutional right to a particular course of treatment, and his mere disagreement with the medical treatment he receives is not a basis for section 1983 liability). In addition, "the question whether . . . additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment," and "does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Accordingly, the Court finds it unlikely Plaintiff will be successful on the merits of his claim for denial of adequate medical care.

Second, Plaintiff has not demonstrated he will suffer any irreparable harm if his injunctive relief is denied. Plaintiff's alleged injury occurred in February of 2019. However, Plaintiff did not file the instant lawsuit alleging he was denied adequate medical care until over a year after he was injured. Any injunctive relief now would not affect the alleged injury, a broken hand, which occurred more than a year prior to seeking such relief. Without a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir. 1989) (*en banc*).

The Court must also balance the harm and injury to Defendants if an injunction were to be granted and assess whether the issuance of an injunction would be in the public interest. In assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*,

427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's allegations, which Defendants deny, would amount to direct interference by the Court with the operation and administration of the UCDC which is harmful to Defendants and does not serve any public interest. As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff*, 60 F.3d at 520.

Accordingly, the Court recommends Plaintiff's Motion for Temporary Restraining Order/Injunction (ECF No. 17) be denied.

### B. Motion for Emergency Relief (ECF No. 35)

In Plaintiff's Motion for Emergency Relief he again asks to be transferred to another detention center pending his transfer to the Federal Bureau of Prisons because "despite the filing of this action, the physical and mental abuse, the failure to provide adequate medical treatment, and the failure to provide protection from COVID-19 has continued". (ECF No. 35, pp. 2-3).

As previously stated, the Court has determined it is unlikely Plaintiff will be successful on the merits of his claim for denial of adequate medical care and there is no evidence Plaintiff will suffer irreparable harm arising from the alleged deficiency of medical care which occurred a year prior to his Complaint being filed. As discussed below, the Court also finds Plaintiff is unlikely to prevail on the merits of his remaining claims based on physical and mental abuse and failure to provide protection against Covid-19.

With respect to Plaintiff's claims of mental abuse, the Eighth Circuit has often stated, "[v]erbal threats and name calling usually are not actionable under § 1983." *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). In addition, other than general allegations in the Second Amended Complaint of "physical abuse", Plaintiff identifies an isolated incident in his affidavit

6

supporting the motion which allegedly occurred on April 30, 2020, during which he claims "Sgt. Ward shoved me around…also kicked me in the shins and verbally assaulted me. I feared for my life." (ECF No. 35-1, p. 2). The Court notes Sergeant Ward has not been named as a Defendant in this action. Moreover, Plaintiff has not presented evidence to convince the Court he is likely to prevail on his claims of physical abuse against any other Defendant. In addition, the Court finds Plaintiff has failed to demonstrate he will suffer irreparable harm from alleged physical or mental abuse while being incarcerated at the UCDC.

With respect to Plaintiff's claim that Defendants continue to fail to provide him with adequate protection against COVID-19, Plaintiff states in his affidavit, "There have been little or no efforts taken by Union county Jail and its staff to accommodate for the dangers of Covid-19, both during and prior to my placement in Pod H or any subsequent pods." (ECF No. 35-1). As previously stated, Defendants specifically deny this claim. Moreover, although Plaintiff argues he is not being adequately protected from exposure to Covid-19, Plaintiff has apparently not contracted COVID-19 during the nineteen (19) months he has been in the UCDC. Finally, Plaintiff's allegations regarding the danger of COVID-19 appear to assert a claim for negligence on the part of Defendants. The law is clear, negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986*); Estelle v. Gamble*, 429 U.S. 97 (1976). Accordingly, the Court finds Plaintiff is not likely to prevail on the merits of these claims nor is he likely to suffer irreparable harm if he remains in the UCDC until he is sentenced.

Finally, for the same reasons stated above in addressing Plaintiff's Motion for a Temporary Restraining Order/Injunction, the Court should refrain from granting injunctive relief in this case because ordering the transfer of Plaintiff to a different facility will amount to direct interference

by the Court with the operation and administration of the UCDC which is harmful to Defendants and does not serve any public interest.

### C. Motion for Emergency Hearing (ECF No. 47)

Federal Rule of Civil Procedure 65 does not require a hearing to be held when the Court denies motions for temporary restraining orders or preliminary injunctions. As discussed above, the Court is recommending both of Plaintiff's motions requesting injunctive relief be denied based on the pleadings. Accordingly, the Court recommends Plaintiff's Motion for Emergency Hearing on Motion for Emergency Relief (ECF No. 47) be denied.

### IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 17), Motion for Emergency Relief (ECF No. 35), and Motion for Emergency Hearing on Motion for Emergency Relief (ECF No. 47) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 2nd day of October 2018.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE